UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN GOTTLIEB,

        **Plaintiff,**

    vs.                                      1:15-CV-1420
                                                    (TJM/TWD)

**THE VARIABLE ANNUITY LIFE INSURANCE
COMPANY, VALIC FINANCIAL ADVISORS, INC.,
and VALIC RETIREMENT SERVICES COMPANY,**

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### ORDER

Plaintiff commenced this action on November 30, 2015, seeking a declaratory judgment that he did not violate the terms of his employment agreement with the Defendants and injunctive relief preventing the Defendants from pursuing mediation over his alleged violation of their agreement. See Complaint ("Complt."), dkt. # 1. On December 16, 2015 Plaintiff filed an *ex parte* application for an Order to Show Cause ("OSC") requesting a Temporary Restraining Order ("TRO") staying mediation and arbitration with the American Arbitration Association ("AAA").

This case concerns a Registered Representative Agreement ("RRA") between Plaintiff Steven Gottlieb and Defendant VALIC Financial Advisors, Inc. ("VALIC"). See Complt. VALIC sells financial products and services to employees of government and

1

non-profit institutions. Id. at ¶ 12. Plaintiff worked for VALIC from October 8, 2012 until he resigned on July 31, 2013. Id. at ¶ 13. Upon commencing his employment he signed the RRA at issue, which "provide[d] for confidentiality, non-solicitation and non-competition." Id. at ¶ 15. Under the terms of the RRA, Plaintiff agreed that he would not "directly or indirectly induce or attempt to induce" any VALIC client to terminate or change its relationship with the Defendant for a year after he left VALIC's employment. Id. at ¶ 25. Plaintiff returned any property and documentation belonging to the Defendant when he left VALIC's employ. Id. at ¶¶ 28, 33.

Plaintiff's non-compete agreement expired on July 31, 2014. Id. at ¶ 36. Approximately fifteen months later, on or about October 27, 2015, Plaintiff alleges that VALIC "attempted to enforce the non-compete and the provisions of the Gottlieb RRA" and served Plaintiff with a demand to mediate. Id. at ¶ 37. Plaintiff contends that this demand had no basis in the RRA, and that he did not "interfere with, alter or contact any VALIC clients during his period of non-competition and non-solicitation." Id. at ¶¶ 38-39.

Local Rule LR 7.1(e) provides:

[A] motion brought by Order to Show Cause must include an affidavit clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used. Reasonable advance notice of the application for an Order to Show Cause must be given to the other parties, except in those circumstances where the movant can demonstrate, in a detailed and specific affidavit, good cause and substantial prejudice that would result from the requirement of reasonable notice.

Local Rule 7.1(f) provides: "Any application for a temporary restraining order must be served on all other parties unless Fed. R. Civ. P. 65 otherwise permits." Fed. R. Civ. P. 65 provides:

(b) Temporary Restraining Order.

    (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

        (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

        (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In apparent compliance with these provisions, Plaintiff's counsel submitted an affidavit asserting:

5. Presently the Defendant Variable Life Annuity Life Insurance Company seeks to compel mediation of the Plaintiff in Houston, Texas as it relates to his former employment with VALIC that ended on July 31, 2013.

6. The mediation demand was dated October 27, 2015.

7. I contacted counsel [for Defendants] on November 24, 2015 and advised him that we did not view the demand as proper, timely or in accordance with the RRA.

8. As a result of this communication, Attorney Michael Rollin and I had further communication over the course of the next few days and as a result of same, Rollin requested that he be given an opportunity to speak with his client regarding same before we moved forward with our current motion.

9. As such and as a courtesy, we agreed to briefly wait to file this motion for preliminary injunction but immediately proceeded to file our federal complaint, which was filed on November 30, 2015.

10. Subsequent discussions with Counsel resulted in the Defendants refusing to withdraw their demand for mediation. Accordingly, we are proceeding with our motion.

11. Mr. Rollin did not accept service of the complaint on behalf of the Defendants, although, [sic] I have forwarded him a courtesy copy of same. Thus, the complaint has been sent for service along with the applicable court issued summonses.

Affidavit of Elena Defio Kean, dkt. # 4-9. ¶¶ 5-11.

In support of Plaintiff's need for a TRO, his counsel asserts that Plaintiff is likely to succeed on the merits of his claim that the non-compete provisions of the RRA have expired and are inapplicable and unreasonable and therefore cannot be enforced. Plaintiff's Brief, dkt. # 4-13, at 7-8. Plaintiff also contends he is likely to succeed on any claim that he has not violated the terms of the RRA. Id. at 8-11. In terms of the irreparable harm that Plaintiff faces without a TRO, counsel argues that:

> To require Mr. Gottlieb to proceed with mediation/arbitration on matters that are not only untimely and suspect, but in another state thousands of miles away, would cause irreparable harm. The Defendants are seeking to require Mr. Gottlieb to travel and expend significant cost, but most importantly take away from his new business endeavors. To allow VALIC to proceed until such time as a determination of the validity and timeliness of its attempts to pursue these claims and a determination as to the correct venue is made would irreparably harm Mr. Gottlieb.

Id. at 13.

Plaintiff fails to satisfy the requirements of Fed. R. Civ. P. 65(b) sufficient to dispense with the notice requirements for an *ex parte* TRO. Plaintiff argues that he will face irreparable harm if forced to participate in a mediation/arbitration, but he has not presented any information to the Court indicating that such an event is imminent. He alleges only that Defendants have demanded that Plaintiff participate in mediation/arbitration. No court has ordered mediation/arbitration, and Plaintiff has not alleged that any arbitrator has been assigned or any date set for arbitration. Nothing indicates, therefore, that the harm alleged by Plaintiff is imminent. The mere demand that Plaintiff participate in arbitration, which counsel has challenged in various ways, does not create the harm he describes. Plaintiff fails to demonstrate any irreparable harm, and the

4

Court will deny the application.[1]

Therefore, Plaintiffs' application for a TRO is **denied**.

The application for an order to show cause is **granted**. Defendants The Variable Annuity Life Insurance Company, VALIC Financial Advisors, Inc., and VALIC Retirement Services Company are hereby:

**ORDERED TO SHOW CAUSE** at the Federal Courthouse located at 445 Broadway, Albany, New York on January 11, 2016, at 10:00 a.m. or as soon thereafter as counsel may be heard, why an order should not be entered pursuant to FRCP 65 enjoining Defendants from seeking to mediate and/or arbitrate any claims that relate to or assert alleged violations of Plaintiff Steven Gottlieb's Registered Representative Agreement ("RRA") before the American Arbitration Association ("AAA"), pending this action for Declaratory Judgement; and it is further

**ORDERED** that personal service of the papers upon which the Order to Show Cause is based shall be served upon Defendants on or before Monday, December 21, 2015 at 4:00 p.m. shall be deemed sufficient; and it is further

**ORDERED** that response papers, if any, shall be filed and served no later than Monday, January 4, 2016 at 4:00 p.m.

---

[1] Plaintiff has filed a supplemental affidavit in support of his request for a TRO. See dkt. # 5. This supplemental affidavit includes correspondence indicating that Defendant has requested that AAA compel mediation. Nothing indicates that AAA has taken any action to do so. This supplemental affidavit does not alter the Court's finding on Plaintiff's application.

5

**IT IS SO ORDERED**.

DATED:   December 17, 2015

Thomas J. McAvoy
Senior, U.S. District Judge